Edward W. Gray, Jr. (CA Bar No. 80996)
**FITCH, EVEN, TABIN & FLANNERY**
One Lafayette Centre, Suite 750S
1120 20th Street, NW
Washington, DC  20036
Telephone: (202) 419-7000
Facsimile:  (202) 419-7007
Email:  egray@fitcheven.com

Christine A. Pompa (*Pro Hac Vice*)
**FITCH, EVEN, TABIN & FLANNERY**
120 S. LaSalle Street, Suite 1600
Chicago, Illinois  60603
Telephone:  (312) 577-7000
Facsimile:  (312) 577-7007
Email:  cpompa@fitcheven.com

*Attorneys for Plaintiffs*, *PC Specialists, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| PC SPECIALISTS, INC., | ) Civil Action No. 10CV0078 JLS WVG |
|---|---|
| Plaintiff, | ) **COMBINED MOTION FOR LEAVE TO FILE A FOUR PAGE SURREPLY AND FOR LEAVE TO FILE THE SURREPLY AND A SUPPORTING DOCUMENT UNDER SEAL** |
| v. | |
| MICROS Systems, Inc., | ) Judge:  Hon. Janis L. Sammartino |
| Defendant. | ) Complaint Filed:  January 11, 2011 |

### I.  INTRODUCTION

Defendant filed its Motion to Dismiss on February 14, 2011.  Plaintiff filed its Opposition to Defendant's Motion to Dismiss on March 7, 2011.  Defendant filed its Reply Memorandum in Support of Its Motion to Dismiss on March 14, 2011 and in it MICROS completely mischaracterizes the relationship between TIG Global and MICROS.  It is undisputed that TIG Global is a wholly-owned subsidiary of MICROS.  However, MICROS claims that TIG Global has separate operations and separate officers and, because of that, MICROS supposedly (1) cannot protect any of TIG

Global's interests in this litigation or (2) cannot order TIG Global to join in the instant litigation. This is contrary to fact.

The facts about the relationship between TIG Global and MICROS are clearly germane to Defendant's Second Motion to Dismiss under Rule 12 (b) (7). Since MICROS' characterizations of the relationship between itself and TIG Global as "separate" are a severe exaggeration and indeed mislead the Court as to whether the entities have separate officers, MICROS' Reply Memorandum warrants a surreply. PCS therefore requests leave to file a four (4) page surreply to clarify the statements made in the Reply Memorandum.[1]

Additionally, since the surreply requires that Plaintiff reference a confidential MICROS document, produced under the Protective Order herein, Plaintiff respectfully requests that it also be granted permission to file the surreply and the supporting document under seal. PCS requests permission to file this document under seal so that the Court is fully advised on this matter.

## II. PLAINTIFF SHOULD BE GIVEN THE OPPORTUNITY TO ADDRESS INCORRECT ASSERTIONS OF FACT MADE BY DEFENDANT'S REPLY MEMORANDUM

When a reply brief raises new issues or makes new (but incorrect) assertions of fact, the non-moving party may move the Court to file a surreply. *See Alaska Wildlife Alliance v. Jensen*, 108 F.3d 1065, 1068 n.5 (9th Cir. 1997); *Michael v. American International Group, Inc.*, 2008 U.S. Dist. LEXIS 69421 (E.D. Mo., Sept. 15, 2008); *Kesling v. Kesling,* 546 F.Supp.2d 627, 636 n.3 (N.D. Ind. 2008). The party seeking to submit a surreply has the burden of demonstrating that "good cause" exists for permitting the additional filing. *See In Toys "R" Us, Inc., Privacy Litig.,* 2001 U.S. Dist. LEXIS 16947 n.1 (N.D. Cal. Oct. 9, 2001). Where, as here, Defendant for the first time makes critical incorrect fact assertions in its Reply Memorandum, such good cause exists.

MICROS asserts that it and TIG Global have separate officers. This is not true, at least as to the President of TIG Global, who is also a senior MICROS' official. MICROS' assertions, however, also falsely omit indication that all TIG Global officers appear to be paid solely by MICROS, which

---

[1] Counsel for Plaintiff sought the consent of MICROS' counsel regarding the filing of this motion. MICROS' counsel informed counsel for Plaintiff via telephone and email that it would not consent to the instant motion and that they object to this motion.

fact, along with the legal control which MICROS has under the confidential MICROS document shows that MICROS has complete control over TIG Global.  MICROS' control over TIG Global is critical to any decision rendered on Defendant's Motion to Dismiss for two reasons.  First, because of MICROS' total control, TIG Global's interests are virtually identical to MICROS' interests.  To be sure, MICROS, as sole owner, will do everything in its power to protect any interest of TIG Global in this litigation.  Secondly, because MICROS has total control over TIG Global, joinder is feasible because MICROS can simply order TIG Global to appear in this case.

The sole purpose of Plaintiff's proposed surreply is to address MICROS' incorrect assertions of fact. Correcting these facts is critical to a proper analysis of whether MICROS and TIG Global are, in fact, "separate entities."  MICROS' total control over TIG Global is shown by: (1) the Amended & Restated Limited Liability Company Agreement of TIG Global LLC ("TIGG Agreement" or the "supporting document") and (2) TIG Global's website showing that MICROS and TIG Global LLC share officers contrary to MICROS' statements in its reply memorandum.

Therefore, Plaintiff respectfully requests leave to file a four (4) page surreply.

### III.  THE COURT SHOULD GRANT PLAINTIFF LEAVE TO FILE THE SURREPLY AND A SUPPORTING DOCUMENT UNDER SEAL

If the Court grants Plaintiff's motion for leave to file a four (4) page surreply, Plaintiff also requests leave to file the surreply and the TIGG Agreement under seal.  MICROS produced the TIGG Agreement under the Protective Order entered in this case.  The TIGG Agreement bears bates numbers MICROS 0000180-184.  Pursuant to the Protective Order, MICROS designated the TIGG Agreement as "Confidential."  As mentioned, PCS submits that the TIGG Agreement is critical to this Court's consideration of MICROS' pending Motion to Dismiss in light of the mischaracterizations made by MICROS in its reply brief.  PCS would like to reference the TIGG Agreement throughout its proposed surreply and to attach it as an exhibit to the surreply.  Therefore, the Court should grant Plaintiff leave to file the surreply and the supporting document under seal.

1  Plaintiff respectfully submits that its request to address Defendant's new and incorrect factual assertions from Defendant's Reply Memorandum and for an order permitting Plaintiff to file a document under seal is appropriate for the above-described reasons.

Date: March 16, 2011

FITCH, EVEN, TABIN & FLANNERY

By: s/ Christine A. Pompa
Edward W. Gray, Jr. (CA Bar No. 80996)
Christine A. Pompa (*Pro Hac Vice*)

*Attorneys for Plaintiffs*, PC Specialists, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2011, I caused the foregoing Combined Motion For Leave To File a Four Page Surreply And For Leave To File The Surreply And A Supporting Document Under Seal to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all party participants subscribing to the system, including the below counsel for the Defendant.

H. Ann Liroff, Esq.
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street
20th Floor
San Francisco, CA  94105
Email:  aliroff@hbblaw.com

Chandra Moore, Esq.
HAIGHT BROWN & BONESTEEL LLP
550 West C Street, Suite 1760
San Diego, CA  92101
Email:  cmoore@hbblaw.com

T. Vincent Consolo, Esq.
HAIGHT BROWN & BONESTEEL LLP
550 West C Street, Suite 1760
San Diego, CA  92101
Email:  vconsolo@hbblaw.com

　　　　　　　　　　　　　　　　　　　　/s/ Christine A. Pompa
　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiffs*