# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PC SPECIALISTS, INC., | CASE NO. 10-CV-78 JLS (WVG) |
|---|---|
| Plaintiff, | **ORDER: (1) DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY; (2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOUR-PAGE SURREPLY** |
| vs. | |
| MICROS SYSTEMS, INC., | |
| Defendant. | (ECF No. 38) |

Presently before the Court is Defendant's motion to dismiss for failure to join an indispensable party. (MTD, ECF No. 38.) Also before the Court are Plaintiff's opposition (Opp'n, ECF No. 41) and Defendant's reply (Reply, ECF No. 44). Having considered the parties' arguments and the law, the Court **DENIES** Defendant's motion.[1]

## BACKGROUND

This case is based on Defendant's alleged unlawful use of the "TIG Global" mark. (FAC, ECF No. 37.) Plaintiff PC Specialists is also known as Technology Integration Group and does business as "TIG." (*Id.* ¶ 2.) On February 25, 1999, Plaintiff filed an application to register the trademark "Technology Integration Group," and the United States Patent and Trademark Office (USPTO) issued a registration for the mark on October 3, 2000. (*Id.* ¶ 15) Plaintiff subsequently filed an application for the mark "TIG," and the USPTO issued a registration for the mark on June 3, 2003. (*Id.* ¶ 16.)

---

[1] Plaintiff has also filed a motion for leave to file a four-page surreply. (ECF No. 47.) Because the Court finds it unnecessary to consider the arguments raised in the proposed surreply (ECF No. 49-1), Plaintiff's motion for leave to file a surreply is **DENIED AS MOOT**.

A dispute arose between Plaintiff and Thayer Interactive Group, LLC, also known as TIG Global, when TIG Global filed a trademark application ('995 application) in October 2001 to register the mark "TIG Global." (*Id*. ¶¶ 18–20.) To settle the dispute, Plaintiff and TIG Global entered into a Trademark Assignment and License Agreement (the agreement) on June 12, 2007. (*Id*. ¶ 21.) Pursuant to the agreement, Plaintiff granted TIG Global a limited, nonexclusive license to the mark "TIG Global," and TIG Global assigned its interest in the '995 application to Plaintiff. (*Id*. ¶ 28.) The agreement also grants TIG Global the right to assign the license to "any successor in interest that acquires substantially all of [TIG Global's] business in connected with the Licensed Services and Licensed Mark provided that acquiring business (i) agrees in writing to be bound by this Agreement; and (ii) is not a direct competitor of Licensor." (*Id*. Ex. C (License Agreement) ¶ 14.9.) The Agreement also includes a forum selection clause limiting jurisdiction and venue to the United States District Court for the District of Colorado. (*Id*. ¶ 14.4.)

On December 31, 2009, Defendant sent Plaintiff a letter advising Plaintiff that it was purchasing all outstanding ownership interest in TIG Global and that it intended to continue to use the TIG Global mark. (FAC ¶ 38.) Defendant in fact used the TIG Global mark in a January 6, 2010 press release. (*Id*. ¶ 40.) Plaintiff, however, asserts that Defendant had no right to use the mark. (*Id*. ¶ 43.)

On January 11, 2010, Plaintiff filed a complaint for trademark infringement and unfair competition.[2] (ECF No. 1.) On February 16, 2010, Defendant moved to dismiss for failure to join an indispensable party under Federal Rule of Civil Procedure 12(b)(7), to dismiss for improper venue pursuant to Rule 12(b)(3), or in the alternative, to transfer venue to the proper court. (ECF No. 8.) On April 27, 2010, the Court denied Defendant's motion without prejudice. (Order, Apr. 27, 2010, ECF No. 13.)

On January 14, 2011, Plaintiff filed an amended complaint alleging five claims: (1) trademark infringement under the Lanham Act; (2) trademark infringement under California Business Professions Code section 14335; (3) unfair, unlawful, and deceptive business practices under

---

[2] Soon thereafter, TIG Global filed suit against Plaintiff in the United States District Court for the District of Colorado alleging improper termination of the licensing agreement. *TIG Global, LLC v. PC Specialists, Inc.*, No. 2010-CV00307-PAB-CBS (D. Colo. Feb. 12, 2010).

California Business Professions Code section 17200; (4) inducing breach of contract; and (5) interference with contractual relations. (FAC.) On February 14, 2011, Defendant filed the instant motion to dismiss for failure to join an indispensable party pursuant to Rule 12(b)(7) or, in the alternative, to stay this action, stay discovery, or transfer. (MTD.) Plaintiff filed its opposition on March 7, 2011 (Opp'n), and Defendant replied on March 14, 2011 (Reply).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) permits a defendant to move to dismiss a complaint for failure to join a neccessary party under Federal Rule of Civil Procedure 19. Rule 19 sets forth a method to determine whether a neccessary party is so "indispensable" to an action that the case must be dismissed absent the party's joinder. The moving party has the burden of demonstrating that dismissal is appropriate. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.1990).

To determine if a party is "indispensable" under Rule 19, a court conducts a two-part inquiry. Fed. R. Civ. P. 19; *see also Makah Indian Tribe*, 910 F.2d at 558. First, the court determines if the absent party is "neccessary" to the dispute. Fed. R. Civ. P. 19(a). If the party is neccessary and cannot be joined, the court next determines if the absent party "indispensable" so that "in equity and good conscience" the suit should be dismissed. Fed. R. Civ. P. 19(b). "[This] inquiry is a practical one and fact specific. . . ." *Makah Indian Tribe*, 910 F.2d at 558 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968)). "[It] is designed to avoid the harsh results of rigid application." *Id.* (citing *Eldredge v. Carpenters 46 Northern California Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981)).

Rule 19(a) sets forth two circumstances under which an absent party is necessary to the suit. Fed. R. Civ. P. 19(a). First, an absent party must be joined "if in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, joinder of an absent party is required if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

"Only if [an] absent part[y is] 'necessary' and cannot be joined must the court determine whether 'in equity and good conscience' the case should be dismissed under [Rule] 19(b)." *Makah Indian Tribe*, 910 F.2d at 559. To make this determination, the court must consider the following factors: (1) the extent to which a judgment rendered in the party's absence might prejudice that party or the existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. *Id*.

## ANALYSIS

### 1. Is TIG Global a Neccessary Party?

"Courts frequently have concluded that parties to a contract are 'necessary' in an action on the contract." *KnowledgePlex, Inc. v. Placebase, Inc.*, 2008 WL 5245484, at *4 (N.D. Cal. Dec. 17, 2008) (citing *Wilbur v. Locke*, 423 F.3d 1101, 1113 (9th Cir. 2005), *overruled on other grounds by Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2322 (2010)); *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir.1975)). This principle applies in actions to void a contract and in actions to determine rights and obligations under a contract. *Id*. (citing *Wilbur*, 423 F.3d at 1113; *Makah Indian Tribe*, 910 F.2d at 558; *Lomayaktewa*, 520 F.2d at 1325.) Therefore, even if an absent party does not risk losing all rights under a contract, its "attempts to protect its interest nevertheless may be practically impaired or impeded by [a court's] proceeding with [the] action in its absence." *Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 708 (S.D.N.Y.1997). "This is true whenever the absent party 'has clear rights and affirmative obligations under the contract which [the court] must construe.'" *KnowledgePlex*, 2008 WL 5245484, at *4 (quoting *Ente Nazionale Idrocarburi v. Prudential Secs. Group, Inc.*, 744 F.Supp. 450, 458 (S.D.N.Y.1990)).

The Court finds that TIG Global is a neccessary party to this dispute. TIG Global's rights as a practical matter could be impaired by proceeding with this action in its absence. This is because TIG Global is a party to the Agreement that forms the basis of Defendant's claims for induced breach of contract and interference with contractual relations. Thus, any interpretation of the Agreement may impair TIG Global's rights or obligations. *See KnowledgePlex*, 2008 WL 5245484, at *5.

//

**2.   Is Joinder of TIG Global Feasible?**

Next, this Court must determine if TIG Global can be joined as a party to this dispute. Defendant argues that TIG Global cannot be joined because the Agreement's forum selection clause provides that "[j]urisdiction and venue under [the] Agreement is vested solely in the Federal District Court for Denver, Colorado." (FAC, Ex. C (License Agreement) ¶ 14.9.)

The problem with Defendant's argument is that forum selection clauses do not deprive a court of jurisdiction. *See M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972); *A.O. Smith Corp. v. Transpac Container Sys. Ltd.*, 2009 WL 3001333, at *2 n.2 (C.D. Cal. May 8, 2009) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)) (rejecting contention that forum selection clause deprives a court of subject matter jurisdiction). And a party may obviously waive a forum selection clause. *See Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 881 (7th Cir. 2004). Accordingly, TIG Global's joinder is feasible because the forum selection clause does not deprive this Court of jurisdiction. TIG Global can, and Plaintiff obviously will, waive the forum selection clause. Whether TIG Global elects to do so is a question for another day.

Because TIG Global can be joined in the present case, the Court need not determine if TIG Global is an indispensable party. Defendant's motion is **DENIED**.

**3.   Motion to Stay Action and Motion to Stay Discovery**

Alternatively, Defendant moves the Court to stay this action or stay discovery pending resolution of TIG Global's suit against Plaintiff in the District of Colorado. (Mem. ISO MTD 10, ECF No. 38-1; Reply 9–10.) However, Defendant has not addressed this argument in sufficient detail to allow the Court to make an informed ruling. For example, Defendant fails to address the factors that the Court must consider in determining whether to stay an action, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)), or stay discovery, *e.g.*, *Mlejnecky Olympus Imaging Am., Inc.*, 2011 WL 489743, at *5–6 (E.D. Cal. Feb. 7, 2011). Accordingly, Defendant's alternative requests are **DENIED WITHOUT PREJUDICE**.

//
//
//

**CONCLUSION**

For the reasons stated, Defendant's motion to dismiss for failure to join an indispensable party is **DENIED**. Defendant's alternative request to stay this action or stay discovery is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: August 8, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge